UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| RODNEY C. TUREAUD | CIVIL ACTION 03-2253 |
| VERSUS | U.S. DISTRICT JUDGE DONALD E. WALTER |
| GRAMBLING STATE UNIV. | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is plaintiff's motion for attorney fees [**Doc. #70**] under 42 U.S.C. §2000e-5(K), referred to me by the district judge for Report and Recommendation. Plaintiff seeks payment as "prevailing party" of attorney fees in the amount of $44,800 and costs and expenses in the amount of $1,423.44 for trial work, and $22,190 in attorney fees and $1,308.35 costs for appellate work on the case.

Plaintiff filed this race discrimination lawsuit on December 9, 2003 alleging he was terminated in retaliation for opposing discrimination. At trial, the jury unanimously concluded that Tureaud had a reasonable belief that Grambling discriminated against a proposed new-hire on account of his race and was, thus, himself discriminated against because of his opposition to the discrimination. Compensatory damages in the amount of $140,000 were awarded, along with special damages for loss of income. The district judge denied defendant's motion for judgment notwithstanding the verdict or alternatively for remittitur. The district judge also denied

1

plaintiff's motion for attorney fees and costs, finding that the total damage award adequately compensated the plaintiff.

On appeal, the Fifth Circuit affirmed the damage award concluding that, while at the high end of the spectrum, the damages were not clearly excessive. However, the court remanded the case for entry of an award for reasonable attorney fees and costs. The district judge referred the case to me for this report and recommendation.

Analysis

Title VII, 42 U.S.C. §2000e-5(k) provides that the district court may allow the prevailing party, . . . a reasonable attorney's fee (including expert fees) as part of the costs . . . ." The Supreme Court has stated that "a prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances." Christianburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U. S. 412, 417 (1978). In this case, the Fifth Circuit found that Tureaud was clearly the prevailing party.

Defendant does not contest plaintiff's requested hourly rate of $175. However, it does argue that some of the hours spent by plaintiff's attorney were for the purpose of taking depositions which were, by agreement, to be used in this and a companion case. It suggests that those hours should be halved. Defendant also suggests that some of the time spent was with regard to claims which were dismissed by the district judge on motion for summary judgment.

The Fifth Circuit uses the "lodestar" method to calculate reasonable attorney fees. Green v. Administrators fo the Tulane Educ. Fund., 284 F.3d 642, 661 (5th Cir. 2002). A fee determination involves:

a) determining whether plaintiff is the prevailing party,

2

b) determining the lodestar (hours times rate), and

c) determining whether to adjust the lodestar.

Hensley v. Eckerhart, 103 S. Ct. 1933, 1940 (1983).

Prevailing Party

The plaintiff may be considered a prevailing party if he "succeeds on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing suit." Hensley, at 1939. As mentioned above, the Fifth Circuit has determined that Tureaud is the prevailing party.

The lodestar amount

This court described the lodestar calculation in Butler v. Rapides Foundation, 365 F.Supp.2d 787 (W.D. La. 2005). A "lodestar" figure is simply the number of hours reasonably spent on the litigation times a reasonable hourly billing rate. Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir.1993). The court then determines whether the "lodestar" figure should be adjusted upward or downward depending on the twelve Johnson[1] factors. Migis v. Pearle Vision, Inc., 135 F.3d 1041 at 1047 (5th Cir. 1998).

A. Hourly rate

Plaintiff's attorney asks for an hourly rate of $175 per hour for his time spent on the case. Defendant does not contest the rate.

This court awarded a fee of $215 an hour in a similar employment discrimination case five years ago. I have today recommended as reasonable an hourly rate of $250 in another employment discrimination case. Therefore, the court finds that $175 is a reasonable hourly rate

---

[1] Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th C. 1974).

3

in this case, given plaintiff's attorney's experience and abilities.

B. Reasonableness of hours

Defendant argues that some of the work was performed for this and a companion case, a fact plaintiff's attorney readily admits in his supplemental brief. While defendant does not state the number of hours to which it objects, plaintiff's attorney appears to have correctly conceded that 7.75 hours were conceivably attributable to the companion case and he does not object to a deduction of those hours from his bill.

In addition, however, it appears likely that much of the legal research was also attributable to the both cases. My calculation of the legal research[2] hours is 22.7 hours. One half of that time is 11.35 hours.

Further, 8.10 hours were related to this motion for attorney fees. I do not find it appropriate to recover attorney fees for time spent seeking attorney fees in the district court. Thus 8.10 hours should also be deducted.

For the same reason, 1.50 hours should be deducted from the time spent on appeal as it too relates to the initial request for attorney fees. However, I find that some time spent on appeal with regard to the recovery of attorney fees should be allowed. The attorney spent a total of 56.50 hours briefing the issues on appeal. That no doubt included both issues related to Grambling's appeal and also plaintiff's appeal of the denial of attorney fees. The time spent on briefing does seem to be excessive and I find that a total of 26.5 hours should be deducted. Similarly 18 hours should be deducted form the 36 hours spent preparing for and attending oral argument at the 5th

---

[2] Some of the legal research is not included in this total because it relates to opposing a motion in limine in this case.

Circuit.

Therefore, the total hours reasonably spent on the case, including appeal, is 309.6 hours[3].

    C.  <u>Adjustment of the lodestar</u>

There is a strong presumption that the lodestar is the reasonable fee. <u>Walker v. U. S.</u>, 99 F.3d 761 (5th C. 1996).

The twelve <u>Johnson</u> factors courts consider in determining whether the "lodestar" figure should be adjusted upward or downward are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. <u>Johnson</u>, 488 F.2d at 717-19. The Fifth Circuit has singled out four of the factors as most important: (1) the time and labor involved; (2) the customary fee; (3) the amount involved and the results obtained; and (4) the experience, reputation, and ability of counsel. See <u>Migis</u>, 135 F.3d at 1047. The Supreme Court has held that "the most critical factor" for a fee award in a civil rights case "is the degree of success obtained." Id. (citing <u>Farrar v. Hobby</u>, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) and <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). In addition, enhancements based on the second, third, eighth, and

---

[3] The calculation is 256 hours plus 126.8 hours on appeal = 382.80 hours, less 7.75 hours, 11.35 hours, 8.10 hours, 1.5 hours, 26.5 hours, and 18 hours (all as explained above).

ninth factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the court. Walker v. U. S. Dept. of Housing and Urban Dev., 99 F.3d 761, 771-2 (5th Cir. 1996).

    i. Adjustment of fee because of limited success

Defendant argues that some of plaintiff's claims were dismissed on motion and time spent on those claims should not be included. Defendant understandably has not provided a calculation of such time, which would be a near impossibility. Plaintiff sued not only for retaliation, but also for punitive damages, intentional infliction of emotional distress under state law and for accrued compensatory leave wages. All of the claims were dismissed, except the retaliation claim. The dismissal of those claims did not substantially change the thrust of the lawsuit or the investigation or proof required. Nevertheless, some reduction should be made for the less than 100% relief which was obtained. Ten percent (10%) of the hours billed should be deducted for the dismissed claims.

    ii. Other Johnson factors

The factors which the Fifth Circuit finds most important--time and labor involved, customary fees, and results obtained-- have all been subsumed in the discussion above. There has been no showing that any of the other Johnson factors should be applied so as to further reduce the lodestar in this case.

Costs

Finally, plaintiff seeks costs in the amount of $1,423.44 at the trial court and $1308.35 on appeal. The costs include copying costs, postage, fax charges, process serving fees, court reporting fees, court filing fees, binding fees and travel expenses. Defendant has not objected to

the costs submitted.    I find that the submitted costs should be allowed.

Conclusion

The 309.6 hours reasonably spent in this case should be reduced by 10% for the limited success in the case, resulting in total hours awardable of 278.64 at an hourly rate of $175.

Therefore, **I**T IS RECOMMENDED THAT plaintiff be awarded  attorney fees in the amount of $48,762.00 , together with costs and expenses in the amount of $2,731.79.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 5th day of December, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE